UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Sheffield McCann,

                      Plaintiff,

-v-

The City of New York, New York City Police Department Officer ("P.O.") Rene Castro, Shield No. 12228, Detective ("Dt.") John Scharf, Shield No. 3264.

                      Defendants.
------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 16-CV-5056

Plaintiff Sheffield Hall McCann, through her attorney David B. Rankin as and for her complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Sheffield Hall McCann's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained, arrested, and searched her. By reason of defendants' actions, including their unreasonable and unlawful searches and seizures, plaintiff was deprived of her constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

## PARTIES

6.     Plaintiff Sheffield Hall McCann ("McCann") is and was at all times relevant to this action, a resident of Kings County in the State of New York.

7.     Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

8.     Defendants New York City Police Department Officer ("P.O.") Rene Castro ("Castro"), Shield No. 12228, Detective ("Dt.") John Scharf ("Scharf"), Shield No. 3264 are sued in their individual capacities, (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

9.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

10.    The individual defendants' acts hereafter complained of were carried out intentionally,

2

recklessly, with malice, and in gross disregard of plaintiff's rights.

11. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

12. On September 12, 2013, at approximately 12:45 am, Sheffield Hall McCann was unlawfully arrested by the individual defendants at the Marcy Avenue Subway Station on the "J" line.

13. Ms. McCann observed an individual defendant knock the pen from the hand of an acquaintance who was attempting to record that individual defendant's badge number.

14. Ms. McCann then threw this acquaintance and additional writing devise.

15. In response to this, the individual defendants placed Ms. McCann under arrest.

16. She was transported to the Transit Bureau District 33 Police Station at Broadway Junction.

17. Ms. McCann was released a number of hours later with a summons charging her with violating Penal Law 240.20(6) – Disorderly Conduct.

18. The charges against Ms. McCann were dismissed.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

19. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

20.     Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against her by police officers; (e) freedom from having police officers fabricate evidence against her; and (f) by failing to intercede to prevent the complained of conduct.

21.     Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

22.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

23.     At all times material to this complaint, defendant the City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, to wit, arresting individuals in possession of legal common folding knives.

24.     At all times material to this complaint, defendant the City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants, concerning the proper parties who may be arrested.

25. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

26. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

27. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

    a. That she be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation;

    b. That she be awarded punitive damages against the individual defendants;

    c. That she be compensated for attorneys' fees and the costs and disbursements of this action; and

    d. For such other further and different relief as to the Court may seem just and proper.

Dated:    September 10, 2016
            New York, New York

Respectfully submitted,

By: _____
David B. Rankin
*Attorney for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507